CONCURRENCE
ROGERS, Circuit Judge,
concurring.
I concur in the result but disagree with the majority’s reasoning. Plaintiffs’ request for pre-enforcement judicial review of Ordinance 2009-49 is not ripe — not in the constitutional sense of the doctrine, but based on the court’s equitable discretion to decline review.
Plaintiffs seek to challenge Wickliffe’s Ordinance 2009-49, which requires a business to obtain a permit before operating a nightclub, without first applying for the required permit. Plaintiffs thus ask the court to construe and judge the law before it has been applied — the classic case of pre-enforcement review. In particular, plaintiffs request declaratory and injunc-tive relief, which are equitable remedies. Federal courts have discretion over whether to grant such equitable remedies and may decline to exercise judicial review if a controversy is not ready to be decided. Abbott Labs. v. Gardner, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). When a challenged rule of law is final, but the relevant authority has not yet enforced the law, courts often decline review because the otherwise vague or ambiguous rule may be limited or become clear through application. Id. The decision to decline judicial review in such cases is a matter of equitable discretion, not based on Article Ill’s case-or-controversy requirement.
We should not anticipate the Supreme Court overruling such a significant line of precedent as the equitable ripeness doctrine without a clear dictate from the Court. It is true that the Court appeared hesitant to reaffirm the doctrine in Susan B. Anthony List v. Driehaus, — U.S. —, 134 S.Ct. 2334, 2347, 189 L.Ed.2d 246 (2014), reasoning: “To the extent respondents would have us deem petitioners’ claims nonjusticiable ‘on grounds that are “prudential,” rather than constitutional,’ ‘[t]hat request is in some tension with our recent reaffirmation of the principle that a federal court’s obligation to hear and decide cases within its jurisdiction is virtually unflagging.’ ” (alteration in original) (internal quotation marks omitted) (quoting Lexmark Int’l, Inc. v. Static Control Components, Inc., — U.S. —, 134 S.Ct. 1377, 1386, 188 L.Ed.2d 392 (2014)). In the same *508 breath, however, the Court declined to decide the doctrine’s “continuing vitality.” Id. The Supreme Court has advised lower courts to follow its precedent until the Court expressly overrules itself — “leaving to [the Supreme Court] the prerogative of overruling its own decisions.” Rodriguez de Quijas v. Shearson/Am. Exp., Inc., 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989); see Hicks v. Miranda, 422 U.S. 332, 344-45, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975). Thus, until the Court declares otherwise in a clear voice, we should continue to apply the equitable ripeness doctrine when, as now, it is relevant.
The Supreme Court has summarized the proper inquiry as follows:
In deciding whether an agency’s decision is, or is not, ripe for judicial review, the Court has examined both the “fitness of the issues for judicial decision” and the “hardship to the parties of withholding court consideration.” [Abbott Labs., 387 U.S. at 149, 87 S.Ct. 1507.] To do so in this case, we must consider: (1) whether delayed review would cause hardship to the plaintiffs; (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual development of the issues presented.
Ohio Forestry Ass’n, Inc. v. Sierra Club, 523 U.S. 726, 733, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998).
First, the plaintiffs will suffer minimal hardship when judicial review is denied at this stage. Unlike cases where denying pre-enforcement review would force parties to immediately take action to avoid violating the law, Ordinance 2009-49 has no immediate implications for plaintiffs until they apply for and are denied a permit. Plaintiffs were not operating a nightclub before the City passed the law, so contrary to their assertions, they do not face immediate criminal prosecution without judicial review. Second, the City should not have to defend the content of its ordinance without applying it to a particular applicant. Because plaintiffs never applied for a permit, it is impossible to know whether the City would deny one. Finally, the record is not full enough for effective judicial review; indeed, there is no indication about how the City will apply the Ordinance. Although plaintiffs assert that applying for a permit would be futile, given the Ordinance’s strict location limitations, see Wickliffe, Ohio, Code § 747.09 (2017), there is no record evidence to prove that plaintiffs’ proposed nightclub location violates those restrictions.
Plaintiffs’ claims are accordingly not jus-ticiable because they are not ripe, and there is no need to reach Article III standing. Ruling on Article III standing grounds unnecessarily limits the power of Congress. Where there is no standing, Congress cannot permit judicial review even if Congress would weigh the ripeness factors entirely differently. In this case that means that Congress could not permit judicial review at a pre-enforcement stage like that presented here, even at the behest of the very people that the Ordinance appears to be regulating. We should not so limit the power of Congress, when the Supreme Court has provided a fully formed and nuanced equitable ripeness doctrine for us to employ, a doctrine that balances (subject to congressional correction) the interests of regulated parties in avoiding pre-enforcement harms with the interests of administrative bodies in executing public policy and the interests of courts in avoiding abstract disputes.